IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERICO LOPEZ IZARA
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

GIFU DC, INC.
M-17 Food Court, Union Station
50 Massachusetts Avenue NE
Washington, DC 20002

    Defendant.

Civil Action No. _____

## COMPLAINT

1. Defendant employed Plaintiff at its restaurant located inside Union Station. Defendant paid Plaintiff a flat semimonthly salary that denied Plaintiff minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendant's willful failure to pay minimum and overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.  Plaintiff is an adult resident of the District of Columbia.

6.  Gifu DC, Inc. is a District of Columbia corporation. Gifu DC, Inc.'s primary business address is M-17 Food Court, Union Station, 50 Massachusetts Avenue NE, Washington, DC 20002. Its resident agent is Song Wen Li, M-17 Food Court, Union Station, 50 Massachusetts Avenue NE, Washington, DC 20002.

## Factual Allegations

7.  Defendant owns and operates the restaurant named "Sakura Japan" located at M-17 Food Court, Union Station, 50 Massachusetts Avenue NE, Washington, DC 20002.

8.  Defendant employed Plaintiff Federico Lopez Izara from approximately 2009 until approximately April 7, 2015.

9.  Plaintiff worked for Defendant as a kitchen hand. He performed duties such as cleaning, cutting vegetables and meat, and preparing food.

10. At all relevant times, Plaintiff worked six days a week.

11. At all relevant times, Plaintiff worked Monday through Saturday.

12. At all relevant times, Plaintiff worked the following approximate schedule:

| Day | Hours | Break | Worked |
|---|---|---|---|
| Monday | 10:00 a.m. – 9:00 p.m. | ½ Hour Break | 10.5 Hours Worked |
| Tuesday | 10:00 a.m. – 9:00 p.m. | ½ Hour Break | 10.5 Hours Worked |
| Wednesday | 10:00 a.m. – 9:00 p.m. | ½ Hour Break | 10.5 Hours Worked |
| Thursday | 10:00 a.m. – 9:00 p.m. | ½ Hour Break | 10.5 Hours Worked |
| Friday | 10:00 a.m. – 9:00 p.m. | ½ Hour Break | 10.5 Hours Worked |
| Saturday | 10:00 a.m. – 9:00 p.m. | ½ Hour Break | 10.5 Hours Worked |
| Sunday | Off | | |
| | | **Total:** | **63 Hours** |

13. At all relevant times, Plaintiff worked overtime.

14. At all relevant times, Plaintiff worked approximately 63 hours each and every workweek.

15. Since June 1, 2013, Plaintiff has worked approximately 2,436 overtime hours.

16. At all relevant times, Defendant paid Plaintiff a semimonthly salary of $900.00.

17. At all relevant times, Plaintiff's semimonthly salary translated into an effective hourly rate of $6.59 across all hours worked.

18. At all relevant times, Defendant did not pay Plaintiff overtime wages.

19. At all relevant times, Defendant tendered Plaintiff a check of approximately $300.00 and cash of approximately $600.00 for each semimonthly pay period.

20. For unpaid minimum and overtime wages since June 1, 2013, Defendant owes Plaintiff approximately **$23,147.80**.

21. At all relevant times, federal law required a minimum wage of $7.25 per hour.

22. The District of Columbia minimum wage was $8.25 per hour prior to July 1, 2014 and $9.50 per hour from July 1, 2014 through June 30, 2015.

23. At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

24. At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

25. At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

26. At all relevant times, Defendant had the power to fire Plaintiff.

27. At all relevant times, Defendant had the power to control Plaintiff's work schedule.

28. At all relevant times, Defendant had the power to set Plaintiff's rate of pay.

29. At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

30. Defendant intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

31. Defendant intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

32. Defendant failed to provide Plaintiff with notice of Plaintiff's employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

33. Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

34. Defendant did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

35. At all relevant times, Defendant was aware that it was legally required to pay Plaintiff the minimum wage required by District of Columbia and federal law.

36. At all relevant times, Defendant was aware that it was legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

37. At all relevant times, Defendant was aware that it was legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

38.  Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39.  Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

40.  The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

41.  The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

42.  The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

43.  Defendant violated the FLSA by knowingly failing to pay Plaintiff the required federal minimum wage.

44.  Defendant violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiffs' regular rate for hours worked in excess of 40 hours in any one workweek.

45.  Defendant's FLSA violations were willful.

46.  For its FLSA violations, Defendant is liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

47.  Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

49. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

50. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

51. Defendant violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

52. Defendant's DCWPCL violations were willful.

53. For its DCWPCL violations, Defendant is liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, on all counts, and grant the following relief:

    a. Award Plaintiff **$92,591.20**, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d.      Award Plaintiff court costs; and

e.      Award any additional relief the Court deems just.

Date: June 8, 2016                                        Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*